■ FRIAR TUCK INN, INC., Appellant, v DEPARTMENT OF TRANSPORTATION OF THE CITY OF NEW YORK et al., Respondents.—Judgment, Supreme Court, New York County, entered September 7, 1979, granting defendants' motion for summary judgment dismissing the complaint, and granting judgment in favor of defendants on their counterclaims, is unanimously modified, on the law and the facts, and in the exercise of discretion, to the extent that decretal paragraphs 1, 3, 7, and 8 are stricken; decretal paragraph 4 is modified to delete the phrase "ninety-five thousand dollars ($95,000.00) in penalties for 950 days (from January 1, 1977 to August 8, 1979)" and substitute therefor the phrase "$52,600 in penalties for 526 days (from March 1, 1978 to August 8, 1979)"; the third and fourth counterclaims are dismissed; and the judgment is otherwise affirmed, without costs. We agree that plaintiff has been operating an enclosed sidewalk cafe without a license or franchise therefor from January 1, 1977 on, and that it had full notice of that fact. Accordingly, plaintiff is subject "to a penalty of one hundred dollars per day for every day during which the unlicensed business operates." (Administrative Code of City of New York, § 773-5.0, subd c.) The parties appear to concede, however, that the court has some discretion as to the amount of the penalty. Prior to January 1, 1977, plaintiff lawfully operated an unenclosed sidewalk cafe at the premises for which it had an appropriate franchise and license. On February 2, 1978, the Board of Estimate finally denied plaintiff's application for a franchise to operate an enclosed sidewalk cafe. However, the Department of Licenses had at least provisionally accepted and still retains franchise and license fees for the period to February 28, 1978 at the higher rates appropriate to an enclosed sidewalk cafe. In the circumstances, we think that plaintiff should not be subjected to both the franchise and license fees payable as if it had been legally operating an enclosed sidewalk cafe, and in addition, the penalty for operating it illegally. Thus we strike the portion of the penalty for the period through February 28, 1978, being 424 days or $42,400, reducing the $95,000 penalty to $52,600, with interest thereon, i.e., for the period beginning March 1, 1978. Conversely, for the period beginning March 1, 1978, when the city authorities refused to accept fees, we think plaintiff should be liable only for the penalty and not for franchise and license fees for an enclosed sidewalk cafe. Accordingly, the third and fourth counterclaims which seek franchise and license fees for this period are dismissed. Concur—Fein, J. P., Sandler, Sullivan, Silverman and Carro, JJ.